No. 7104.

## J. D. SWINDLER v. GEORGE DE REYNA.

### Syllabus.

A real estate agent acting for the vendor in whose hands a deposit has been made by an intended purchaser to bind the sale may be sued individually by such purchaser to recover the deposit when the vendor fails to tender title within the delay stipulated, without making the vendor a party to the suit.

Appeal from the Civil District Court, Parish of Orleans, No. 115,380, Division "C"; Honorable E. K. Skinner, Judge. Affirmed.

Sidney F. Gautier, for plaintiff and appellee.

Roger Meunier, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit for the return of a deposit of money made by a prospective purchaser in the hands of a real estate agent.

Plaintiff sues upon the following documents:

"George De Reyna
"Real Estate Appraiser and Insurance Agent,

"New Orleans, Jan. 21, 1914.

"You are hereby authorized to sell the following described property consisting of one lot of ground with all the buildings and improvements thereon in the Third District of this City known as No. 1500 North Broad Street * * * for the sum and price of $1700 payable cash. * * * I hereby agree to furnish a good title and an abstract and to pay you a fee of 2½ per cent for service rendered out of

461

the first money received on the price accepted * *. Sale to be concluded within 90 days from date. The purchaser further agrees to deposit 10% with Geo. de Reyna to bind the sale.

(Signed)          "CURTIS J. HEBERT,

                               "Tutor."

"I hereby agree to purchase the above described property on the terms and conditions above mentioned subject to the examination of titles the whole within         days. Act of sale before Jules F. Menuier, Notary Public.

(Signed)             "G. J. SWINDLER."

New Orleans, Feby. 4, 1914.

"Received from Mr. G. J. Swindler $170 being a deposit of ten per cent on the price of the sale this day made to him of the property 1500 N. Broad corn. Columbus Street—Sold for account of Curtis J. Hebert (tutor).

(Signed)          "GEO. DE REYNA,

                              "Auctioneer."

Petitioner averred that he made repeated demands on defendant to carry out the agreement of sale and for a return of his deposit, without avail; that the storm of September, 1915, has practically demolished all the buildings on the property; that by reason of defendant's failure to make a legal title within the usual and reasonable delay he is entitled to recover his deposit.

The defendant pleaded that the petition disclosed no cause of action against him for the reason that throughout the transaction he acted as the agent of Curtis J. Hebert and not in his own name; that said Hebert is a necessary party and must be made defendant herein; he admits that plaintiff made demands for the delivery of the prop-

erty and that Hebert informed the plaintiff that he was ready to comply with the promise of sale, but that plaintiff refused to accept the title and to pay the price; he admits that the property has been damaged by the hurricane of 1915 and has diminished in value; he reiterates his ability and willingness to deliver to the plaintiff a good and valid title on his paying the agreed price.

There was judgment for plaintiff and defendant has appealed.

The first question presented is whether this suit can be prosecuted against De Reyna alone without making Hebert a party.

There is no doubt that the object of this suit is to recover a "deposit" made by plaintiff in the hands of the defendant De Reyna. There is no doubt either that De Reyna was acting as the agent of Hebert to sell the property and to receive the deposit. By the document sued Hebert constitutes De Reyna his agent to sell the property and to accept the deposit from the plaintiff. If Hebert had no right to the deposit, he was not a necessary party. If he claimed any rights to it, he should have asserted them in this suit when he was notified of Swindler's demand. De Reyna was his agent in the transaction, and the knowledge of the agent was the knowledge of the principal.

Article 2950 (2921) of the Civil Code reads:

> * * * "If the owner, having received due notice, neglects to claim the deposit, the depositary is fully exonerated on returning it to the person from whom he received it."

In the case of *Hazard v. Agricultural Bank*, 11 R. 326 (336), the Supreme Court said that the law did not compel

parties to intervene in a suit pending between other parties in which their interests might be affected; but if any of their rights were lost or impaired by their neglect, after notice of the proceedings, the loss was the result of their own inattention.

This case was quoted as authority in *Frank v. Magee*, 49 A. 1256.

In *Guidry v. Jeanmard*, 25 A. 634, Guidry authorized Jeanmard to receive a sum of money from certain insurance companies for his account. Guidry directed Jeanmard to pay Blancand a certain amount out of this sum, but later revoked the order. Thereupon Blancand sued Jeanmard for that amount and obtained judgment and was paid. Guidry afterwards sued Jeanmard for that amount alleging that he was not bound by the judgment in favor of Blancand to which he was not a party. Held that Guidry was bound because he had notice and knowledge of the proceeding.

In *Ducros v. Gottschalk*, 25 A. 233, the facts were as follows: St. Amand sold a property to Michinard by act before the defendant Gottschalk, Notary, part cash and part in notes; these notes were left on deposit in the hands of Gottschalk there to remain to secure certain stipulations in favor of Michinard; St. Amand died and Gottschalk refused to deliver the notes to his executor, Ducros, because Michinard had notified him to comply with the terms of the deposit. The Court said:

> "Whatever right, if any, Michinard may have to the notes, shown by the notarial act to belong to the testator, cannot be determined in this suit, because he is not a party. But the defendant suggests that it is not his duty to make parties, that this is plaintiff's duty. To this the reply is, that

464

a defendant who has no defense to set up for himself, has no right to plead one for another person, and ask the Court to pass upon a question that would not be binding if decided for or against that person."

The judgment in favor of plaintiff was affirmed.

In *Warren v. Saltenberer*, 6 *A.* 351, the syllabus reads:

"A person in possession of movable property may be sued personally for the same, although the defense set up that the defendant is administratrix and holds the property (as such) as a part of the succession."

The Court said, p. 354:

"If therefore, the property in controversy belongs to the plaintiff, the defendant has no right to detain it from him as administratrix, and such capacity should not screen her from delivering it to the plaintiff. * * * Therefore, in this State, the action for movable property has generally been brought against the possessor of the property, and although the defendant might undoubtedly be sued in the capacity by which he holds the property, yet the plaintiff is by no means obliged to pursue that course."

In *Bennet v. Wheeler*, 12 *A.* 763, it was said:

"The Board of Underwriters in New Orleans being a body composed of private individuals without being incorporated, and through their treasurer having received on deposit money to which the plaintiff was entitled, it was held: that a suit to recover the money could be maintained against the treasurer in his individual capacity."

The learned counsel for the defense however refers us to the case of *Dean v. Clarke*, 5 *A.* 105. The syllabus reads:

"Where a notary has received money and notes deposited with him as the price of sale by the purchaser, he cannot be compelled to return them unless the vendor be made a party to the suit."

The Supreme Court gives no reasons for its judgment. It affirms the judgment for the reasons given by the trial judge. It appears in that case that the plaintiff at an auction sale to effect a partition had become the adjudicatee of a slave for the price of $310; that according to the terms of sale he delivered to the defendant, Notary, before whom the act of sale was to be passed, the whole price, say $77 in cash and 15 notes for $15.50 each; that the vendors failed to sign the act of sale notwithstanding repeated demands, and that the slave in the meantime died of a redhibitory disease. These facts establish a difference from the case before us. In that case the adjudication was the completion of the sale; the plaintiff became the owner of the slave, and the heirs acquired the ownership of the price, in cash and notes which the purchaser· delivered to the Notary in payment of the price in accordance with the terms of sale. C. C. 2608 (2586). The cash and notes which Dean claimed had ceased to belong to him, and the slave was at his risk when it died. He was attempting to rescind an actual sale without making the vendors parties. But in the case at bar, the sale had not been passed, nor had the ownership of the property or of the deposit changed.

The common law authorities quoted by defendant are also payments made to agents which the parties making the payment endeavored to collect from the agents themselves instead of their principals.

Upon the merits the contract provided that the sale should "be concluded within 90 days from date." It was

dated January 21st, 1914, and this suit was filed March, 16, 1916, more than two years afterwards.

The vendor had been put in default by the lapse of time. C. C. 1933 (1927). The case was tried and decided only in May, 1917, and up to that time, it does not appear that the vendor tendered to the plaintiff an act translative of title accompanied with the usual certificates. The mere informal declaration made by the vendor's agent and atorney that they were ready to pass the act of sale was an empty declaration without meaning. Acts and not words are what the law requires. A purchaser who makes a deposit is entitled to have an act of sale passed to him within a reasonable time thereafter or to have his deposit returned to him.

Judgment affirmed.

Opinion and decree, June 25th, 1917.